UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNIVAR SOLUTIONS USA INC., | Case No. |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| KALTEX FIBERS, S.A. DE C.V., A MEXICAN COMPANY, | |
| Defendant. | |

Plaintiff Univar Solutions USA Inc. ("Plaintiff" or "Univar"), for its Complaint against Defendant Kaltex Fibers, S.A de C.V. ("Defendant" or "Kaltex"), a Mexican company, states and alleges as follows:

## STATEMENT OF THE CASE

1. This is a suit to recover amounts due and owing for $2,510,000.00 of stabilized Acrylonitryle delivered by Plaintiff to Defendant that was not paid for in full by Defendant. As a result, Defendant still owes Plaintiff more than $2,340,006.30. Plaintiff has made numerous attempts to obtain payment from Defendant; Defendant has repeated promised that it would make payment when it could, but has not done so.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Univar Solutions USA Inc. ("Univar") is an Illinois corporation with its principal place of business located in Downers Grove, Illinois. It ships chemicals throughout the United States and Mexico for use in the coating and adhesives, building and construction, pest control, pharmaceutical, food ingredients, oil and gas, rubber and composites, and waste management services industries, among others. It is part of the global company Univar Solutions

Inc., which is a leading global chemical and ingredient distributor and provider of value-added services to customers across a wide range of industries.

3. Defendant Kaltex Fibers, S.A de C.V. ("Kaltex") is a Mexican company with its principal place of business located at Av. Ingenieros Militares No 2, Piso 9, Colonia Empleado Municipal Naucalpan De Juarez, ME 53370 Mexico.  Defendant can be served by serving it pursuant to the Hague Service Convention.  Kaltex manufactures organic fibers for use in and sells apparel, textiles, threads, quilts, blankets, rugs, and kitchen gloves, using materials like those it bought from Univar.  It is a large and sophisticated company, with an internationally recognized brand, and sales in Mexico, the Americas, Europe and Asia.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1332 because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are citizens of different states and Defendant is a citizen of a foreign country.

5. Venue is proper in this Court because the Plaintiff and Defendant contractually agreed that all disputes between them related to the agreement at issue in this case would be submitted to the "Federal Courts in New York City OR the High Court in London."  The parties also specifically submitted to the jurisdiction of the "Federal Court in New York City" and also agreed that the parties' transaction (the "Contract") would be governed by the laws of the United States.  A copy of the documents comprising the Contract is annexed hereto as Exhibit 1.  The contract documents include a Purchase Order, Pro Forma Invoice and General Conditions (with a color copy), Final Commercial Invoice and Bill of Lading.  The venue selection clause and the governing law clause are specifically called out in the contract with the venue and governing law selections typed in bold red font. (Exhibit 1, Contract, General Conditions B-16 and B-17)

**FACTUAL BACKGROUND**

6. On or about 23 March 2020, Univar entered into an agreement with Kaltex to provide goods to Kaltex, referred to herein as the "Contract".

7. Kaltex agreed to pay Univar for the goods provided by Univar and the costs incurred.

8. Specifically, Kaltex agreed to pay for the goods "net 120 days of the B/L date," identified in the Final Commercial Invoice as 31 March 2020, making payment due on 29 July 2020.

9. Univar has performed its obligations under the Contract

10. Kaltex timely received the goods without complaint.

11. The contract provides that "[i]f a party does not pay a sum of money when it falls due the other party is entitled to interest on that sum from the time when payment is due to the time of payment." General Condition B-6(a). Kaltex agreed to pay interest in the amount of "1.5% for each month (or part thereof) that the money remains due beyond the agreed due date." General Condition B-6(b); Final Commercial Invoice p.1 ("Overdue balances are subject to 1.5% finance charge per month").

12. Kaltex made the following payments: $200,000 on October 20, 2020; $50,000 on November 28, 2020; $50,000 on November 30, 2020; $50,000 on December 7, 2020; $50,000 on December 10, 2020; $50,000 on December 29, 2020; $50,000 on January 12, 2021 and $50,000 on January 22, 2021, for a total of $550,000. It has not made any other payments. Thus, with interest, as of July 31, 2021, Kaltex owes Univar US$2,340,006.30. Interest continues to accrue.

13. By refusing to pay for goods provided by Univar in accordance with the terms of the Contract, Kaltex has breached its agreement with Univar.

14. Univar has suffered actual damage in the amount of US$2,340,006.30 plus interest owed in accordance with the Contract, which is due and owing to Univar.

## COUNT I
## BREACH OF CONTRACT

15. Univar repeats and realleges the allegations contained, above, as if fully set forth herein.

16. Univar and Kaltex entered into the Contract and agreed to be bound by its terms and conditions.

17. Univar performed its obligations under the Contract.

18. Kaltex breached the terms contained in the Contract by, among other things, failing to pay Univar the amounts owed to it.

19. Kaltex agreed to pay Univar for the goods provided by Univar.

20. Despite Kaltex's clear obligation to pay for the goods provided by Univar, Kaltex has refused to do so. By refusing to pay for these goods purchased in accordance with the terms of the Contract and in the business dealings between the parties, Kaltex has breached its Contract with Univar.

21. Kaltex cannot justify or excuse its breach of contract.

22. Univar has been harmed by Kaltex's breach of contract and is entitled to recover damages from Kaltex in the amount of US$2,340,006.30, together with interest owed according to the Contract and any additional damages as may be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Judgment in favor of Univar against Kaltex in the amount of US$2,340,006.30, or such other amount as may be proven at trial, on Count I.

CORE/2070531.0024/168357888.7

2.       An award of costs and pre- and post-judgment interest in accordance with the Contract; and

3.       For such other and further relief as the Court deems just and equitable.

Dated: August 3, 2021
New York, New York

                                      Respectfully submitted,

                                      **STINSON LLP**

By:     */s/ Deborah Deitsch-Perez*
        Deborah Deitsch-Perez (DD0413)
        Kieran M. Corcoran (KC4935)
        1325 Avenue of the Americas
        27th Floor
        New York, New York 10019
        (212) 763.8491 (t)
        (212) 763.8304 (f)
        deborah.deitschperez@stinson.com
        kieran.corcoran@stinson.com

***Attorneys for Plaintiff Univar Solutions USA Inc.***